Rakhee V. Patel – SBT #00797213
Annmarie Chiarello – SBT #24097496
Kasey Ratliff – SBT #24041751
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 745-5400
Facsimile: (214) 745-5390

- and -

Laura J. Thetford – SBT #24098509
401 Congress Avenue, Suite 2100
Austin, Texas 78701
Telephone: (512) 370-2861
Facsimile: (512) 370-2850

**ATTORNEYS FOR HC-7502 GREENVILLE AVENUE, LLC
AND CARTER/VALIDUS OPERATING PARTNERSHIP, LP**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| **WALNUT HILL PHYSICIANS' HOSPITAL, LLC,** | § § § | Case No. 17:32255-bjh-7 |
| | § | |
| Debtor. | § | |
| | § | |
| **SCOTT M. SEIDEL, TRUSTEE,** | § | Adversary Proceeding No. 18-03219-bjh |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| **HC-7502 GREENVILLE AVENUE, LLC, AND CAPITAL ONE, N.A.,** | § § § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' BRIEF IN SUPPORT OF ITS MOTION TO DISMISS UNDER
FED. R. BANKR. P. 7012(B) AND FED. R. CIV. P. 12(B)(6)
FOR FAILURE TO STATE A CLAIM FOR RELIEF**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

SUMMARY ............................................................................................................................... 1

RELEVANT BACKGROUND ................................................................................................. 2

ARGUMENT AND AUTHORITIES ....................................................................................... 3

A. Rule 12(b)(6) Standard of Review. ................................................................................ 3

B. The Trustee's Claims Should Be Dismissed for Failure to State a Claim for Which Relief Can Be Granted. ..................................................................................... 4

    1. The Trustee's TUFTA Claims are Time-Barred. ................................................ 4

    2. The Trustee Failed to Allege Sufficient Facts to Establish a Right to Relief Under TUFTA. ....................................................................................... 7

    3. The Trustee Failed to Allege Sufficient Facts to Establish a Right to Relief Under TUFTA. ..................................................................................... 11

PRAYER ................................................................................................................................. 13

## **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*In re Almazan*,
   No. 10-70523, 2011 Bankr. LEXIS 776 (Bankr. S.D. Tex. Mar. 7, 2011)............................8, 9

*In re Am. Hous. Found.*,
   No. 09-20232-RLJ, 543 B.R. 245 (Bankr. N.D. Tex. 2015) .........................................3, 4, 6, 8

*In re Am. Housing Found.*,
   523 B.R. ........................................................................................................................6, 8, 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................................... 3, 8, 13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).............................................................................................................13

*Clapper v. Am. Realty Investors Inc.*,
   No. 3:14-cv-2970-D, 2016 U.S. LEXIS 8379 (N.D. Tex. Jan. 25, 2016) ...............................11

*Ezell v. Wells*,
   No. 2:15-cv-00083-J, 2015 U.S. Dist. LEXIS 90280 (N.D. Tex. July 10, 2015)......................3

*U.S. ex rel. Guth v. Roedel Parsons Koch Blache Balhoff & McCollister*,
   626 F. App'x 528 (5th Cir. 2015) ...........................................................................................8

*Janvey v. Alguire*,
   846 F. Supp. 2d 622 (N.D. Tex. 2011) ...................................................................................8

*Janvey v. Suarez*,
   978 F. Supp. 2d 685 (N.D. Tex. 2013) ...................................................................................7

*Lovelace v. Software Spectrum, Inc.*,
   78 F.3d 1015 (5th Cir. 1996) ..................................................................................................8

*In re Margaux Tex. Ventures*,
   545 B.R. 506 (Bankr. N.D. Tex. 2014)...................................................................................4

*Moore v. Carrington Mortg. Servs., LLC*,
   No. 3:17-cv-3132-G-BN, 2018 U.S. Dist. LEXIS 136288 (N.D. Tex. July 17,
   2018) ....................................................................................................................................11

*Nathan v. Whittington*,
   408 S.W.3d 870 (Tex. 2013)...............................................................................................6, 7

*Porter v. Charter Medical Corp.*,
    957 F. Supp. 1427 (N.D. Tex. 1997) ................................................................................7

*Price v. Am. Saving Co.*,
    No. 3:12-cv-2642-D, 2013 U.S. Dist. LEXIS 65975 (N.D. Tex. May 9, 2013) .....................11

*RSH Liquidating Trust v. Magnacca*,
    553 B.R. 298 (Bankr. N.D. Tex. 2016) ..............................................................................3

*SEC v. Microtune, Inc.*,
    783 F. Supp. 2d 867 (N.D. Tex. 2011) ..............................................................................7

*Williams v. WMX Techs., Inc.*,
    112 F.3d 175 (5th Cir. 1997) ............................................................................................8

## STATUTES

11 U.S.C. § 101(31)(B) ................................................................................................................10

11 U.S.C. §§ 550(a) & 502(d) ........................................................................................................1

Bankruptcy Code Chapter 7 ..................................................................................................1, 2, 4

Tex. Bus. & Com. Code § 24.004(d) .........................................................................................5, 9

Tex. Bus. & Com. Code § 24.005(a)(1) .....................................................................................5, 6

Tex. Bus. & Com. Code § 24.005(a)(2) .........................................................................................5

Tex. Bus. & Com. Code § 24.005(b) .............................................................................................5

Tex. Bus. & Com. Code § 24.006(b) .............................................................................................4

Tex. Bus. & Com. Code § 24.010 ..................................................................................................4

Tex. Bus. & Com. Code § 24.010(a)(1) .........................................................................................7

Tex. Bus. & Com. Code §§ 24.010(a)(1)-(2) .................................................................................5

Texas Uniform Fraudulent Transfers Act ......................................................................................1

## OTHER AUTHORITIES

Bankruptcy Rule 7009 ...................................................................................................................8

Federal Rule of Bankruptcy Procedure 7012(B) .......................................................................1, 3

Federal Rule of Civil Procedure 8 ................................................................................8, 9, 10, 11

Federal Rule of Civil Procedure 9 ...............................................................................3, 8, 10, 11

Federal Rule of Civil Procedure 9(b)......................................................................................................8

Federal Rule of Civil Procedure 12(b)(6) .......................................................................1, 3, 4, 11

## DEFENDANTS' BRIEF IN SUPPORT OF ITS MOTION TO DISMISS UNDER FED. R. BANKR. P. 7012(B) AND FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CLAIM FOR RELIEF

HC-7502 Greenville Avenue, LLC (the "Landlord") files this Motion to Dismiss under Fed. R. Bankr. P. 7012(b) and Fed. R. Civ. P. 12(b)(6) in response to Scott M. Seidel's (the "Trustee") Original Complaint (the "Complaint") for the estate (the "Estate") of Walnut Hill Physicians' Hospital, LLC (the "Debtor"), the debtor in the above-styled and numbered Chapter 7 bankruptcy case (the "Bankruptcy Case").

### SUMMARY

1. The Trustee's causes of action fail in their entirety because his Texas Uniform Fraudulent Transfers Act ("TUFTA") claims are time-barred under the four-year statutes of repose. Further, to the extent the Trustee claims TUFTA's actual fraud one-year tolling provision (or any other tolling provision) applies, it is inapplicable because, as expressly stated by the Trustee's allegations in the Original Complaint, the Debtor purportedly knew at all "relevant times" that the transfers and/or obligations occurred and knew of their allegedly fraudulent nature. Therefore, on the face of the Trustee's Original Complaint, the Trustee's TUFTA claims are untimely, and therefore, his TUFTA claims, along with the Trustee's related claims under 11 U.S.C. §§ 550(a) & 502(d), must be dismissed.

2. Another flaw in the Trustee's Original Complaint is the lack of factual support required to plausibly state a claim for relief to survive a 12(b)(6) motion to dismiss. The Trustee's Original Complaint is void of necessary facts and instead is littered with improper conclusory allegations, legal conclusions, and formulaic recitations of the elements. Finally, the Trustee filed impermissible shotgun pleadings that fail to demonstrate which facts the Trustee claims are material to which elements of his causes of action. For these reasons, the Trustee's

claims must be dismissed in their entirety for failure to plead sufficient facts to state a claim for which relief can be granted.

## RELEVANT BACKGROUND

3. The Debtor filed for Chapter 7 bankruptcy on June 6, 2017.[1] The Landlord filed its proof of claim on October 24, 2017.[2] The Trustee then filed his Original Complaint on June 28, 2018, (wrongly) claiming that the Lease and any payments the Debtor made prepetition were the result of purportedly fraudulent transfers under TUFTA.[3]

4. As a basis for its claims under TUFTA, the Trustee made the following conclusory, unsupported allegations: (1) the Debtor was allegedly insolvent when the Lease was executed, when it became effective, and when each payment under the Lease was made[4]; (2) one or more unsecured creditors of the Debtor purportedly existed when the Debtor entered into- the Lease and at the time of each payment under the Lease, and such unsecured creditors remain unpaid[5]; (3) the Debtor was allegedly grossly undercapitalized at the time the Lease was executed and when payments were made[6]; (4) the Debtor purportedly received less than reasonably equivalent value for each payment under the Lease[7]; and (5) the Lease and payments under the Lease were allegedly insider transactions. Based on these allegations, examining the "facts" plead, the Trustee's Original Complaint should be dismissed in its entirety for failure to state a claim for which relief can be granted.

---

[1] *See* Trustee's Original Complaint ¶32.
[2] *Id.* at ¶33.
[3] *See generally id.*
[4] *Id.* at ¶¶37, 47
[5] *Id.* at ¶¶39, 48
[6] *Id.* at ¶¶40, 50.
[7] *Id.* at ¶49.

## ARGUMENT AND AUTHORITIES

### A. Rule 12(b)(6) Standard of Review.

5. Federal Rule of Civil Procedure 12(b)(6) applies to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012(b). *See RSH Liquidating Trust v. Magnacca*, 553 B.R. 298, 308 (Bankr. N.D. Tex. 2016). To survive a 12(b)(6) motion to dismiss, "the complaint must contain sufficient factual allegations, which, if accepted as true, state a claim for relief that is plausible on its face." *Magnacca*, 553 B.R. at 308 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a 12(b)(6) motion to dismiss, courts "accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Id.* (citing *In re Katrina Canal Breaches Litg.*, 495 F.3d 191, 205 (5th Cir. 2007). However, courts do not "accept conclusory allegations or legal conclusions as true." *Id.* (citing *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005)). "Although a court cannot dismiss a claim because it seems likely that the plaintiff will be unsuccessful, the pleadings must still be factually suggestive beyond mere conclusory allegations." *Ezell v. Wells*, No. 2:15-cv-00083-J, 2015 U.S. Dist. LEXIS 90280, at *8 (N.D. Tex. July 10, 2015). "Formulaic recitations of the elements of a cause of action will not suffice." *Iqbal*, 556 U.S. at 678. Factual allegations must be enough "to raise a right to relief above the speculative level" when assuming all factual allegations as pleaded are true. *Ezell*, 2015 U.S. Dist. LEXIS 90280, at *8 (citing *Twombly*, 550 U.S. at 555). For fraud claims, the plaintiff's burden is higher—under Federal Rule of Civil Procedure 9, a plaintiff is required to "state with particularity the circumstances constituting fraud or mistake," including the "who, what, when, where, why, and how." *In re Am. Hous. Found.*, No. 09-20232-RLJ, 543 B.R. 245, 264 (Bankr. N.D. Tex. 2015). And untimely complaints that "are barred as a matter of law are properly

subject to dismissal under Federal Rule 12(b)(6)." *Id.* at 253. Because the Trustee fails to meet this standard, dismissal is proper.

**B.    The Trustee's Claims Should Be Dismissed for Failure to State a Claim for Which Relief Can Be Granted.**

    **1.    The Trustee's TUFTA Claims are Time-Barred.**

6.    The Trustee's TUFTA claims under sections 24.005, 24.006, and 24.008 must be dismissed as untimely under TUFTA's statutes of repose. "A bankruptcy trustee under [section] 544 steps into the shoes of the unsecured creditor and may avoid any fraudulent transfers or obligations under applicable state law, which here is TUFTA." *In re Am. Housing Found.*, 543 B.R. at 254. Section 24.010 provides the applicable statutes of repose for claims under TUFTA:

> (a) ….[A] cause of action with respect to a fraudulent transfer or obligation under this chapter is extinguished unless action is brought:
>
> (1) under Section 24.005(a)(1) of this code, within **four years** after the transfer was made or the obligation was incurred or, if later, within **one year** after the transfer or obligation was or could reasonably have been discovered by the claimant;
>
> (2) under Section 24.005(a)(2) or 24.006(a) of this code, within **four years** after the transfer was made or the obligation was incurred….[8]

Tex. Bus. & Com. Code § 24.010 (emphasis added). The Trustee has two years to bring a state-law fraudulent transfer claim if it was viable on the date the order for relief was entered (here, the voluntary petition). *In re Margaux Tex. Ventures*, 545 B.R. 506, 512 (Bankr. N.D. Tex. 2014)(citing Section 546(a) of the Bankruptcy Code). On June 6, 2017, the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code.[9] So any transfers or obligations that occurred before June 6, 2013 (four-year statute of repose) or were otherwise not

---

[8] It does not appear that anywhere on the face of the Trustee's complaint that the Trustee is implicating section 24.006(b). However, to the extent that the Trustee does contend he has claims under this subpart, the Trustee's causes of action under this subpart are barred for the same reason they are barred under the four-year statutes of repose. *See* Tex. Bus. & Com. Code § 24.006(b) (claims under this section must be brought within one year after the transfer was made).

[9] *See* Trustee's Original Complaint ¶32.

discoverable prior to June 6, 2016 due to purported fraud under the one-year tolling provision of section 24.005(a)(1) are time-barred.

7. Note that the Trustee fails to specify whether he asserts claims under TUFTA for actual fraud under section 24.005 or constructive fraud under section 24.006. A transfer is actually fraudulent "if the debtor made the transfer . . . with actual intent to hinder, delay, or defraud any creditor of the debtor."[10] Tex. Bus. & Com. Code § 24.005(a)(1); *see also Spring Street,* 730 F.3d 427, 437 (5th Cir. 2013). A transfer is constructively fraudulent if "the debtor made the transfer . . . without receiving a reasonably equivalent value."[11] Tex. Bus. & Com. Code § 24.005(a)(2). To be cautious, the Landlord will address the statutes of repose under sections 24.005 and 24.006.

8. Under the four-year statutes of repose under sections 24.005(a)(1), 24.005(a)(2), and 24.006(a), the Trustee's TUFTA claims to avoid the Lease and all prepetition payments made by the Debtor before June 6, 2013 are time-barred. *See* Tex. Bus. & Com. Code §§ 24.010(a)(1)-(2). The Lease was executed in August 2012,[12] which marks the moment when the obligation was incurred—it is not, as Trustee wrongfully claims, when the Debtor was obliged to actually pay rent or when its business operations commenced. *See id.* at 24.007 ("[A]n obligation is incurred…if evidenced by writing, when the writing executed by the obligator is delivered to or for the benefit of the obligee."). The latest a claim to avoid the Lease could have been brought under the four-year statutes of repose was in August 2016, almost a year before the Debtor filed the voluntary bankruptcy proceedings. Likewise, any payments on the Lease the

---

[10] TUFTA "supplies a 'non-exclusive list of eleven factors, commonly known as badges of fraud, that courts may consider in determining whether a debtor actually intended to defraud creditors.'" *Spring Street,* 730 F.3d at 437 (quoting *In re Soza,* 542 F.3d 1060, 1066 (5th Cir. 2008)); *see* Tex. Bus. & Com. Code § 24.005(b) (listing the eleven factors).

[11] A reasonably equivalent value is value "within the range of values for which the transferor would have sold the assets in an arm's length transaction." Tex. Bus. & Com. Code § 24.004(d).

[12] *See* Trustee's Original Complaint ¶8.

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS** **Page 5**

Debtor made before June 6, 2013 are time-barred and unrecoverable under the four-year statutes of repose.

9. Notably, the Trustee did not expressly state, and failed to plead sufficient facts to establish, whether his TUFTA claims against the Landlord involve actual or constructive fraud. In an abundance of caution, to the extent that the Trustee claims that the actual fraud one-year tolling provision of Section 24.005(a)(1) applies the Trustee's claims, his claims are still time-barred. In the event of actual fraud, which the Trustee has not alleged, subpart (a)(1) provides a tolling provision to allow claims to be filed "within one year after the transfer or obligation ***was or could reasonably have been discovered***." *In re Am. Housing Found.*, 543 B.R. at 258 (discussing *Nathan v. Whittington*, 408 S.W.3d 870, 872-73 (Tex. 2013)) (emphasis added). Here, based on the face of the Trustee's pleadings, the Trustee alleges that the Debtor had knowledge of the obligation (the Lease) in August 2012 and any purported fraudulent nature of the Lease as well as any prepetition payments at "all…relevant times" because WH HPC was allegedly "an insider of the Debtor."[13] Accordingly, based on the Trustee's own factual allegations, the Debtor knew of the transfer and/or obligations and any purported fraudulent nature of such at all "relevant" times during the Lease. Thus, the one-year tolling provision is inapplicable.[14]

10. The Trustee's alternative claim that other equitable tolling principles should apply to his TUFTA claim to avoid the Lease also fails because (1) equitable tolling principles not expressly carved out by the statute do not apply to TUFTA; and (2) the Trustee admitted that the

---

[13] *Id*. at ¶11.
[14] While statutes of limitations are "primarily instruments of public policy and of court management," statutes of repose "make the filing of suit within a specified time a substantive part of the plaintiff's cause of action." *In re Am. Housing Found.*, at 255.

Debtor was aware of the alleged fraudulent Lease at all "relevant times."[15] First, equitable tolling, except for the exception carved out by 24.010(a)(1), is not applicable to TUFTA claims. The express language of the TUFTA statute only provides for tolling under section 24.010(a)(1) for actual fraud that was not reasonably discoverable. *See* Tex. Bus. & Com. Code § 24.010(a)(1); *Nathan v. Whittington*, 408 S.W.3d 870, 872-73 (Tex. 2013) ("[A] cause of action with respect to a fraudulent transfer or obligation under this chapter is extinguished unless action is brought within four years after the transfer was made or the obligation was incurred or, *if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant*.").

11. Further, courts in this circuit have expressed their disapproval for applying other tolling principles to TUFTA. *Janvey v. Suarez*, 978 F. Supp. 2d 685, 706 (N.D. Tex. 2013) (noting that the plaintiff had not directed the court to *any* authorities supporting a position that equitable tolling principles apply to TUFTA "where statutes does not provide an additional one-year discovery rule like its actual intent fraud counterpart"). Regardless, the Discovery Rule and Fraudulent Concealment Doctrine do not help the Trustee here because they begin when the person knew of or should have discovered the nature of the injury,[16] which, as the Trustee stated, the Debtor knew at all "relevant times," including when the Lease was executed. So equitable tolling is improper here and does not save the Trustee's claims from dismissal.

> **2. The Trustee Failed to Allege Sufficient Facts to Establish a Right to Relief Under TUFTA.**

12. Even if the Trustee's claims are not time barred under TUFTA, the Trustee failed to plead sufficient facts to establish each element of his claims. First and foremost, it is

---

[15] *See* Trustee's Original Complaint ¶16.
[16] *See Porter v. Charter Medical Corp.*, 957 F. Supp. 1427, 1438 (N.D. Tex. 1997) (defining the discovery rule); *SEC v. Microtune, Inc.*, 783 F. Supp. 2d 867, 876 (N.D. Tex. 2011) (stating the elements of fraudulent concealment doctrine).

impossible to tell from the face of the pleadings whether the Trustee is asserting a claim for actual fraud versus constructive fraud. Under either, bankruptcy courts in this circuit apply the heightened fraud pleading standard of Fed. R. Civ. P. 9(b) to TUFTA claims, applicable to a bankruptcy case through Bankruptcy Rule 7009. *In re Am. Housing Found.*, 543 B.R. at 264; *In re Almazan*, No. 10-70523, 2011 Bankr. LEXIS 776, at \*\*4-5 (Bankr. S.D. Tex. Mar. 7, 2011).[17] Under Rule 9, "[i]n alleging fraud…a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *In re Am. Housing Found.*, 543 B.R. at 264. A plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when, and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997); *U.S. ex rel. Guth v. Roedel Parsons Koch Blache Balhoff & McCollister*, 626 F. App'x 528 (5th Cir. 2015) (must state the who, what, where, how and why). Failure to meet this standard results in dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

13. At minimum, for actual fraud under TUFTA, the Trustee must plead facts to demonstrate that the Debtor had "actual intent" to "hinder, delay, or defraud any creditor" to meet the pleading standard. *In re Almazan*, 2011 Bankr. LEXIS 776, at \*8; *In re Am. Housing Found.*, 523 B.R. at 265 (intent depends on the *debtor's* intent, not the transferee). The Trustee did not allege any such facts here, which is fatal to his claim.[18] *In re Almazan*, 2011 Bankr.

---

[17] The Fifth Circuit has not decided whether Rule 9 applies to fraudulent transfers under TUFTA. *See Janvey v. Alguire*, 846 F. Supp. 2d 622, 675 (N.D. Tex. 2011). But the majority of bankruptcy courts in Texas apply Rule 9 to fraudulent transfers under TUFTA. However, to the extent the Trustee claims that Federal Rule of Civil Procedure 8 applies, the Trustee still fails to meet this minimum standard under the plausibility requirement as explained herein. *See* Fed. R. Civ. P. 8 (a pleading must state "a short and plain statement of the claim showing that the plaintiff is entitled to relief"); *see Iqbal*, 556 U.S. at 680 ("legal conclusions," "labels," and "conclusions" or a "formulaic recitation of the elements" will not do under Rule 8).

[18] Indeed, there are no such facts *at all* regarding fraudulent intent by the Debtor, which does not meet the pleading standard under Rule 8.

LEXIS 776, at **9-10 (refusing to allow leave to amend where no facts plead to establish actual intent); *In re Am. Housing Found.*, 523 B.R. at 265 (noting no challenge to the debtor's "goodwill or reputation"). Quite the opposite, the Trustee claims that the Debtor was a victim, left with the "proverbial bill" and was left "to slowly die."[19]

14. Further, for constructive fraud, there must be actual facts plead regarding the Debtor's financial condition at the time the Debtor executed the Lease and for each payment the Trustee claims is a fraudulent transfer. *In re Almazan*, 2011 Bankr. LEXIS 776, at *9. The only statements the Trustee offers are conclusory allegations that that the Debtor was "insolvent" and "grossly undercapitalized."[20] The Trustee's Original Complaint is completely void of any actual factual allegations on the Debtor's financial condition at the time the Lease was executed or when the Debtor made payments under the Lease.[21]

15. The Trustee also claims that the Debtor received less than reasonably equivalent value for the payments made under the Lease; however, the Trustee does not allege any facts that demonstrate the lease payments would not be equivalent to what the lease payments would have been "in an[other] arm's length transaction." Tex. Bus. & Com. Code § 24.004(d). Instead, the Trustee makes the following conclusory allegations: (1) the rental rate was almost twice or more of comparable rental rates[22]; (2) the lease term is "10 or 15 year more than market"[23]; (3) the Lease did not include may of the things "that one would associate with a turn-key operation" that the Debtor paid for[24]; (4) the Lease contained "onerous economic and non-economic terms and conditions"[25]; (5) Debtor was "obligated for all operating costs…"[26]; and (6) Debtor did not pay

---

[19] *See* Trustee's Original Complaint ¶31.
[20] *See id.* at ¶¶17, 37, 40, 47, 50.
[21] Again, these legal conclusions and labels are insufficient to state a plausible claim for relief under Rule 8.
[22] *See* Trustee's Original Complaint ¶19.
[23] *Id.*
[24] *Id.*
[25] *Id.*

WH HPC rent.[27] These statements are conclusory at best and do not provide any factual support to show how the Debtor's rent was allegedly above market.

16. Additionally, the Trustee has not alleged facts to establish which payments it claims are fraudulent, how they are fraudulent, or when they were made, nor has the Trustee identified a single unsecured creditor at the time that the Debtor entered into the Lease or when the purported fraudulent payments were made, which is an essential element of the Trustee's claim to avoid the Lease and to avoid the prepetition payments under the Lease. The Trustee's allegation that "each of the prepetition payments under the Lease" must be avoided and that there was "at least one unsecured creditor" or that "there were many such creditors"[28] is insufficiently conclusory to meet even the Rule 8 pleading standard, much less the heightened pleading standard under Rule 9.

17. The Trustee also failed to allege facts to establish how WH HPC is an insider and instead simply regurgitated words from the definition of "insider" under the Bankruptcy Code.[29] *See* 11 U.S.C. § 101(31)(B) ("[I]f the debtor is a corporation" an insider is a "director," "officer," or "person in control" of the Debtor). The most information the Trustee offered was that "upon information and belief, one or more of the same persons who controlled the Debtor, *whether as director, officer, or manager*, also controlled WH HPC, *whether as director, officer, or manager*, including Mr. Hourani," who allegedly owned the original purchaser of the Premises.[30] The Trustee does not state any other name of who the Trustee purports controls the Debtor, nor does the Trustee provide *how* Mr. Hourani or any other persons controls the Debtor. The Trustee also

---

[26] *Id.*
[27] *Id.* at ¶20. It is also important to note that the Trustee's discussion of the Premises' value when it was sold by WH HPC to the Landlord has no impact on the value of the Debtor's rent payments because that was not a transfer made by the Debtor.
[28] *Id.* at 18.
[29] *Id.* at ¶11.
[30] *Id.*

does not allege that any of these purported controllers are the transferees of any "particular assets or that they are currently in possession of any assets" in dispute—the Lease or the lease payments. *Clapper v. Am. Realty Investors Inc.*, No. 3:14-cv-2970-D, 2016 U.S. LEXIS 8379, at **41-42 (N.D. Tex. Jan. 25, 2016). This speculative, conclusory allegation falls short of the heightened pleading standard under Rule 9.[31] *Id.* at *42 (dismissing TUFTA claims for failing to meet heightened pleading standard under Rule 9).

### 3. The Trustee Failed to Allege Sufficient Facts to Establish a Right to Relief Under TUFTA.

18.     The Trustee also relies on impermissible "shotgun pleadings" to try to convolute the matter before the Court—but this method cannot withstand a 12(b)(6) Motion to Dismiss under either Rule 8 or the heightened fraud standard of Rule 9. *See Moore v. Carrington Mortg. Servs., LLC*, No. 3:17-cv-3132-G-BN, 2018 U.S. Dist. LEXIS 136288, at *8 (N.D. Tex. July 17, 2018) (dismissing shotgun complaint under Rule 12(b)(6)); *Price v. Am. Saving Co.*, No. 3:12-cv-2642-D, 2013 U.S. Dist. LEXIS 65975, at *16 n.4 (N.D. Tex. May 9, 2013) ("Shotgun pleading" occurs when a pleading "sets forth an excessive number of facts, and then adopts them in conclusory fashion to a number of legal claims, with the result that each claim includes facts that are not material to the claim."). The following is just one example of the Trustee's improper shotgun pleadings, which litter his entire Original Complaint:

---

[31] And these conclusory statements without more do not meet the plausibility standard under *Twombly/Iqbal* for Rule 8.

COUNT 1:   AVOIDANCE OF LEASE

34. The Trustee incorporates his allegations above.

35. The Trustee has all of the powers of hypothetical creditors under section 544 of the Bankruptcy Code, including those of unsecured creditors, under Texas law.

36. One of those powers is that of a creditor under the Texas Uniform Fraudulent Transfer Act ("TUFTA").

37. The Debtor was insolvent when the Lease was executed, when it became effective, and when each payment under the Lease was made.

38. The entry by the Debtor into the Lease, and the making of each payment under the Lease, was an obligation incurred by the Debtor.

39. One or more unsecured creditors of the Debtor existed as of the Debtor's entry into the Lease and as of the time of each payment made under the Lease, which creditors remain unpaid.

40. The Debtor was grossly undercapitalized and was about to engage, or was engaging, in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction, and the Debtor intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts beyond the Debtor's ability to pay as they became due, at the time that the Debtor entered into the Lease and when the Debtor made each payment under the Lease.

41. The Debtor received less than reasonably equivalent value for the Lease and for each payment made under the Lease. Among other things, the Debtor was paying twice or more the market rate and had above market terms.

42. As an insider transaction, the Lease is subject to even more scrutiny.

43. Accordingly, the Trustee requests that the Court avoid the Lease and all obligations under the Lease, including all past, present, and future payment and rent obligations under the Lease, pursuant to sections 24.005, 24.006, and 24.008 of TUFTA.

19. The Trustee fails to match a single "fact" in its Original Complaint to any of the elements recited in its cause of action. The Trustee's Original Complaint is a textbook example

of a shotgun pleading based on labels, legal conclusions, and a formulaic recitation of the elements unsupported by facts. This type of pleading does not satisfy the plausibility standard under *Twombly* and *Iqbal.* Therefore, the Trustee's claims must be dismissed in their entirety.

## PRAYER

**WHEREFORE,** for the foregoing reasons, HC-7502 Greenville Avenue, LLC requests that the Court dismiss all claims related to HC-7502 Greenville Avenue, LLC. HC-7502 Greenville Avenue, LLC further prays that it have and recover such relief as it may show itself justly entitled.

**Dated: August 28, 2018**

Respectfully submitted,

By: /s/ *Rakhee V. Patel*
Rakhee V. Patel – SBT #00797213
Annmarie Chiarello – SBT #24097496
Kasey Ratliff – SBT #24041751
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 745-5400
Facsimile: (214) 745-5390

- and -

Laura J. Thetford – SBT #24098509
401 Congress Avenue, Suite 2100
Austin, Texas 78701
Telephone: (512) 370-2861
Facsimile: (512) 370-2850

**ATTORNEYS FOR HC-7502 GREENVILLE AVENUE, LLC**

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 28, 2018, a true and correct copy of the foregoing was electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case.

                                            */s/ Annmarie Chiarello*
                                            Annmarie Chiarello